LYLE C. CAVIN, JR., SBN 44958
CHRISTOPHER W. GOODROE, SBN 224386
RONALD H. KLEIN, SBN 32551
LAW OFFICES OF LYLE C. CAVIN, JR.
201 Fourth Street, Suite 102
Oakland, California 94607
Telephone: 510-444-2501
Facsimile: 510-444-4209

Attorneys for Plaintiff,
Gail Bereola

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL BEREOLA, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **DEMAND FOR JURY TRIAL** |
| HOLLAND AMERICA LINE N.V., HOLLAND AMERICA LINE ANTILLEN N.V., HOLLAND AMERICA LINE, INC., HOLLAND AMERICA LINE-WESTOURS, INC., STEINER BEAUTY PRODUCTS, STEINER-TRANSOCEAN LTD., STEINER MANAGEMENT SERVICES, and DOES ONE through TWENTY, Inclusive, | (Personal Injury) |
| Defendants. | |

Plaintiff Gail Bereola complains against Defendants as follows:

1. The subject matter jurisdiction of this Court is based upon 28 U.S.C. §1332, as the matter in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Plaintiff Gail Bereola is and was at all material times a citizen of the State of California, residing within this judicial district.

3. On information and belief, Plaintiff alleges that Defendants HOLLAND AMERICA LINE N.V, HOLLAND AMERICA LINE ANTILLEN N.V., HOLLAND AMERICA LINE, INC., HOLLAND AMERICA LINE-WESTOURS, INC., STEINER BEAUTY PRODUCTS, STEINER-TRANSOCEAN LTD., STEINER MANAGEMENT SERVICES, were and are corporations or other business entities incorporated or created under the law of other states of the United States or of foreign states, and are and were at all material times doing business in the State of California.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does One through Ten and therefore sues said defendants by said fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff will amend this complaint to allege said fictitiously named defendants' true names and capacities when the same shall be ascertained.

5. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant was responsible in some manner for the occurrences herein, and that Plaintiff's injuries and damages as herein below set forth were directly and proximately caused by said defendants' conduct.

6. Plaintiff is informed and believes and thereon alleges that each of the defendants named herein as Doe One through Ten, was the agent and employee of other defendants and in doing the things herein alleged were acting within the course and scope of said agency and employment and with the permission of their co-defendants.

7. At all times material hereto, Defendants HOLLAND AMERICA LINE N.V., HOLLAND AMERICA LINE ANTILLEN N.V., HOLLAND AMERICA LINE, INC., HOLLAND AMERICA LINE-WESTOURS, INC., and Does One through Ten were the owner, operator and/or charterer of the MV OOSTERDAM (hereinafter the "vessel") and used said vessel in maritime commerce upon the navigable waters of the United States in interstate and foreign commerce.

8.  At all times material hereto, Defendants STEINER BEAUTY PRODUCTS, STEINER-TRANSOCEAN LTD., STEINER MANAGEMENT SERVICES, and Does Eleven through Twenty operated a spa aboard the vessel pursuant to arrangements with the vessel owners and operators, for the use of passengers and others aboard the vessel.

9.  On or about November 5, 2006, while a paid passenger aboard the vessel, having departed on a cruise at San Diego, California, Plaintiff sustained serious and permanent personal injuries, including burns to her body, due to extremely hot water supplied in a spa by Defendants without warning to Plaintiff.

10. Said injuries and consequent damages were directly and proximately caused by the negligence of Defendants, their agents, employees and representatives, in maintaining a hazardous condition of the spa provided for the use of passengers and others, and failing to warn Plaintiff of the unsafe and hazardous condition, knowing that she was a physically handicapped and physically disabled person.

11. As a direct and proximate result of the Defendants' negligence, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in some permanent disability and loss of earning capacity, all to her general damages in an amount to be ascertained.

12. As a further direct and proximate result of Defendants' negligence, Plaintiff was, is, and will be prevented from attending to her usual occupation and she thereby lost earnings, earning capacity, and other benefits and will continue to sustain similar future losses. The total amount of these losses is presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these amounts when the same shall be ascertained.

13. As a further direct and proximate result of Defendants' negligence, Plaintiff has required treatment by doctors, nurses and other medical personnel to examine, treat, and care for her, and has incurred and will incur medical and other expenses. The amount of said expenses are unknown to Plaintiff at this time and Plaintiff will amend this complaint to set forth these when the same have been ascertained.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages according to proof;
2. For loss of earnings and earning capacity according to proof;
3. For medical and incidental expenses according to proof;
4. For prejudgment interest according to proof;
5. For costs of suit herein incurred and to be incurred; and
6. For such other and further relief as the court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues herein.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to the Local Rules of this court, Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

July 13, 2007               LAW OFFICES OF LYLE C. CAVIN, JR.


By: _____/s/_____
RONALD H. KLEIN
Attorneys for Plaintiff
Gail Bereola