KAYE, ROSE & PARTNERS, LLP
Lawrence W. Kaye, Esq. (SBN 86218)
Anita M. Eilert (SBN 133639)
402 West Broadway, 13th Floor
San Diego, California 92101-3542
Tel:   (619) 232-6555
Fax:   (619) 232-6577

Attorneys for Defendants,
HOLLAND AMERICA LINE, INC., and
STEINER MANAGEMENT SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| GAIL BEREOLA,<br><br>        Plaintiff,<br><br>vs.<br><br>HOLLAND AMERICA LINE. N.V., HOLLAND AMERICA LINE ANTILLEN N.V., HOLLAND AMERICA LINE, INC., HOLLAND AMERICA LINE-WESTOURS, INC., STEINER BEAUTY PRODUCTS, STEINER -TRANSOCEAN LTD., STEINER MANAGEMENT SERVICES, and DOES ONE through TWENTY, Inclusive<br><br>        Defendant | Case No.   CV- 07 - 03770 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANTS HOLLAND AMERICA LINE, INC., AND STEINER MANAGEMENT SERVICES TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER ACTION [FRCP 12 (b)(1),(2) AND (3) AND (d) AND 28 U.S.C. § 1404]**<br><br>JUDGE:   Edward M. Chen<br>COURTROOM: C<br>HRG. DATE: November 21, 2007<br>TIME:  10:30 a.m. |

Defendant HOLLAND AMERICA LINE INC. ("HAL") and STEINER MANAGEMENT SERVICES ("STEINER") respectfully submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss this action pursuant to the Washington forum selection clause contained in Plaintiff's passenger ticket contract governing this action.

////

L:\BEREOLA\Pldgs\MPA-1.wpd      -1-<br>
**MEMORANDUM OF POINTS AND AUTHORITIES<br>
IN SUPPORT OF MOTION TO DISMISS**     Case No.C07 03770

# I. INTRODUCTION

In this action, plaintiff GAIL BEREOLA, asserts a claim for negligence against HAL and STEINER. Specifically, she claims she sustained personal injuries "due to extremely hot water supplied in a spa" aboard the HAL vessel M/V OOSTERDAM (the "vessel") on or about November 5, 2006. Plaintiff was at that time on a voyage aboard the subject vessel which departed from San Diego, CA. Plaintiff has filed suit against HAL as the owner/operator of the subject vessel and against STEINER as the operator of the spa aboard the subject vessel.

HAL is a Washington corporation with its principal place of business in Seattle, Washington. (See Declaration of Donna Isaaks (hereafter "Isaaks Dec."), ¶4.) Plaintiff's claim is expressly governed by a passenger ticket contract which contained a clearly-worded forum selection clause designating Washington as the agreed-upon and *exclusive* forum for the resolution of all disputes. (*See* Isaaks Dec. ¶ 7 and **Exhibit "A"** thereto, page 10.)[1] HAL now files this motion seeking to enforce the Washington forum selection clause, a provision specifically held enforceable by the United States Supreme Court in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S. Ct. 1522 (1991), and countless other appellate and trial courts as set forth below.

Passengers typically purchase tickets for cruises through their travel agent. In this case, plaintiff's travel agent booked plaintiff's cruise on August 16, 2006, almost three months prior to the November, 2006 embarkation of the cruise. (See Isaaks Decl. ¶ 8 and **Exhibit "B"**.) After final payment is made by the customer, HAL sends the passage ticket contract and other documentation to the customer's travel agent, or if the customer has contacted HAL directly, HAL sends the passage ticket contract to the customer directly. Typically, HAL sends the passage ticket contract out to the customer or the customer's

---

1  The cruise ticket is in booklet form with typed provisions on both the front and the back of the pages. All odd numbered pages appear on the front and have page numbers in the lower right hand corner. All even numbered pages are on the back side and do not have page numbers on them. Even numbered pages are easy to identify, however, because they appear in between the odd numbered pages. As an example, page 10, although not so identified, appears immediately between pages 9 and 11, which are so identified.

travel agent approximately 30 days before the cruise. (*See* Isaaks Decl. ¶ 9.) Additionally, HAL provides brochures to travel agents, which state that any disputes between the customer and HAL must be resolved in the State of Washington. (Id. ¶ 15 and **Exhibit "D"**.) The cruise brochure applicable to Plaintiff's cruise in this instance, also stated that a copy of the passage ticket contract could be reviewed on HAL's website. (Isaaks Dec. ¶ 14) The recitation of the passage ticket contract terms on HAL's website specifically stated that any action against HAL had to be filed in the State of Washington. Id.

## II. AUTHORITY FOR MOTION

This motion is authorized by Rule 12(b) of the Federal Rules of Civil Procedure which provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, . . .

A Rule 12(b) motion to dismiss based on improper venue grounds is proper after the answer is filed pursuant to Rule 12(d) which provides:

> The defenses specifically enumerated (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party . . .

Pursuant to the forum selection clause contained in plaintiff's cruise ticket contract, the parties have agreed to file and litigate this dispute in the U.S. District Court for the Western District of Washington, in Seattle. (See Isaaks Declaration, and **Exhibit "A"** thereto). HAL and STEINER now seek to dismiss this action because California is not the forum the parties agreed to pursuant to the forum selection clause.

## III. THE PROVISIONS OF THE TERMS AND CONDITIONS OF THE TICKET CONTRACT BAR THIS ACTION IN CALIFORNIA

### A. Applicable Law

Courts have long recognized that our judicial system requires uniformity in maritime

matters, and with admiralty jurisdiction comes application of admiralty law. *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858 (1986); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 221 (1986); *Sea-Land Servs. v. Gaudet*, 414 U.S. 573, 601 (1974), *reh'g denied*, 415 U.S. 986 (1974). A passage contract on a cruise ship is indisputably a maritime contract and its interpretation is governed exclusively by the general maritime law of the United States. *The MOSES TAYLOR*, 71 U.S. (4 Wall) 411 (1867); *Lubick v. Travel Services, Inc.*, 573 F. Supp. 904, 906 (D.V.I. 1983). It follows that the validity of a passage contract provision is to be interpreted by the general maritime law, not state law. *McQuillan v. "Italia" Societa Per Azione di Navigazione*, 386 F. Supp. 462, 468 (S.D.N.Y. 1974), *aff'd without opinion*, 516 F.2d 896 (2d Cir. 1975). Alternatively, a carrier's breach of duty to a passenger is a maritime tort, and the substantive law applicable to suits involving passengers against cruise lines is likewise the general maritime law of the United States. *Kermarec v. Compagnie General Transatlantique*, 358 U.S. 625 (1959); *Keefe v. Bahamas Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989).

**B.     The Passenger Ticket Contract**

HAL's Contracts are issued in a multi-paged booklet. Page 9 of the Cruise Contract (**Exhibit "A"**), the first page of the passenger's copy of it, clearly states in all capital letters:

ISSUED SUBJECT TO THE TERMS AND CONDITIONS ON THIS PAGE AND THE FOLLOWING PAGES. READ TERMS AND CONDITIONS CAREFULLY.

Page 10 of the Cruise Contract (**Exhibit "A"**) states in all capital letters:

**IMPORTANT NOTICE TO PASSENGERS**

THIS DOCUMENT IS A LEGALLY BINDING CONTRACT BETWEEN YOU AND US. THE WORD "YOU" REFERS TO ALL PERSONS TRAVELING UNDER THIS CONTRACT INCLUDING THEIR HEIRS, SUCCESSORS IN INTEREST AND PERSONAL REPRESENTATIVES. THE WORDS "WE" AND "US" REFER TO THE OWNER, HAL AND THE OTHER HAL COMPANIES, ALL OF WHICH ARE DESCRIBED IN CLAUSE A.1 BELOW. CERTAIN OTHER PERSONS AND ENTITIES, AS WELL AS THE SHIP ITSELF, ARE ALSO GRANTED RIGHTS UNDER THIS CONTRACT.

NOTICE:     YOUR   ATTENTION   IS   ESPECIALLY   DIRECTED   TO

CLAUSES A.1, A.3, A.4, A.5, A.6, A.7, A.9, A.10 AND C.4 BELOW, WHICH CONTAIN IMPORTANT LIMITATIONS ON YOUR RIGHT TO ASSERT CLAIMS AGAINST US AND CERTAIN THIRD PARTIES.

Page 10 of the Cruise Contract (**Exhibit "A"**) also goes on to state in all capital letters:

ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT, THE CRUISE, THE CRUISE TOUR, THE HAL LAND TRIP OR THE HAL AIR PACKAGE, SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE, OR, AS TO THOSE LAWSUITS AS TO WHICH THE FEDERAL COURTS OF THE UNITED STATES LACK SUBJECT MATTER JURISDICTION, IN THE COURTS OF KING COUNTY, STATE OF WASHINGTON, U.S.A., TO THE EXCLUSION OF ALL OTHER COURTS.

HAL's passenger ticket contract and the forum selection clause in question have been specifically declared valid and enforceable as a matter of law in *Tady v. Holland America Line-Westours, Inc.*, 1998 A.M.C. 2922; *Geller v. Holland-America Line*, 298 F.2d 618 (2d Cir. 1962), *cert. denied*, 370 U.S. 909, 82 S. Ct. 1256 (1962); *Williams v. Holland America Cruises*, 1981 A.M.C. 492 (E.D. Mich. 1981); *Carron v. Holland America Line-Westours Inc.*, 51 F. Supp. 2d 322, 1999 A.M.C. 2206 (E.D. N.Y 1999), and *Schlessinger v. Holland America, N.V.*, 120 Cal. App. 4th 552 (2004). HAL merely seeks to enforce this same forum selection clause upheld and enforced in those cases.

### C. The HAL Passage Contract Containing The Forum-Selection Provision Is Not A Contract Of Adhesion

In evaluating a passenger ticket contract nearly identical to the one at issue in this case, the U.S. Supreme Court held that passengers are bound by forum-selection provisions contained in their passenger ticket contracts. In *Shute*, *supra*, a couple purchased a passenger ticket contract from defendant cruise line. The cruise line sent the Shutes tickets containing a Florida forum selection clause. The Shutes boarded the ship in Los Angeles, California. While on the cruise, Mrs. Shute sustained injuries when she slipped.

The Shutes filed suit in a Washington federal district court instead of Florida, and defendant cruise line moved to dismiss, contending the forum selection clause in the contract required the Shutes bring suit in Florida. The District Court granted defendant's

motion and dismissed the action. The Ninth Circuit reversed, holding the forum selection clause was unenforceable; however, the Supreme Court held the Court of Appeal erred in refusing to enforce the forum-selection provision, stating:

> [In this context, it would be entirely unreasonable for us to assume that respondents - *or any other cruise passenger* - would negotiate with petitioner the terms of a forum selection clause in an ordinary commercial cruise ticket. *Common sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation,* and that an individual purchasing the ticket will not have bargaining parity with the cruise line.

*Id.* at 1527 (citations omitted) (emphasis added).

The Supreme Court explained further why forum selection clauses nearly identical to the one in plaintiffs' contract *are enforceable*:

> As an initial matter, *we do not adopt the Court of Appeals' determination that a non-negotiated forum selection clause in a form ticket contract is never enforceable* simply because it is not the subject of bargaining. Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the forum in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum, and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

*Id.* at 1527 (citations omitted) (emphasis added).

"Furthermore, contracts of adhesion normally involve a great disparity of bargaining power . . . there is no basis to conclude, and plaintiffs do not even contend, that market conditions put plaintiffs at such an unfair disadvantage relative to defendant that they had no choice except to book passage aboard [CUNARD]." *Boyles v. Cunard Line*, 1994 A.M.C. 1631, 1637 (S.D.N.Y. 1994). *See also*, *Osborn v. Princess Tours*, 1995 A.M.C. 2119, 2121 (S.D. Tex. 1995) (Forum selection clause in cruise ticket contract is valid and enforceable, as terms need not be "freely bargained for.") As dictated by *Shute,*

a passenger is bound by a forum selection clause contained in a cruise line ticket contract and *must* bring suit against
the cruise line according to its provisions. Plaintiffs and their counsel disregarded the terms of the clause and instead improperly filed suit in a forum other than Florida, subjecting the action to dismissal.

### D. **Plaintiffs Had Sufficient Notice Of The Forum Selection Clause**.

In this case, plaintiffs were clearly directed, by multiple documents, in several places within those documents, and by the HAL brochure and web site to read the provisions which affected their legal rights, and as such, plaintiffs should be bound by the terms contained therein. They could not have boarded the vessel without presenting their executed Passage Contract acknowledging the terms. (Isaaks Dec.¶ 7)

In order for a forum selection clause to be binding, the passage contract must "reasonably communicate" its provisions to the passenger. *See, e.g.*, *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998 (9th Cir. 1992); and *Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1364 (9th Cir. 1987). Whether the limitation is "reasonably communicated" is a question of law to be determined by the court. *Dempsey*, *supra*, 972 F.2d at 999, citing *Deiro*, *supra*, 816 F.2d at 1364.

Courts have commented favorably when the warning language on the ticket cover and at the beginning of the terms and conditions section appears in either a contrasting color of ink or in *bold or reverse type* text. See *Marek v. Marpan Two, Inc.,* 817 F.2d 242 (3rd Cir. 1989), *cert. denied* 484 U.S. 852, and *Boyles*, *supra,* stating: "[o]f great significance is the fact that the cover page contains a warning alerting passengers to the importance of reading the terms of the contract . . . under such circumstances, courts have uniformly held the passenger bound by the contractual terms contained in the contract, despite the fact the passenger may not have read the contract." *Id.* at 1635.

HAL's ticket contract contains a bold warning headline and text on the cover in 1/8" type; the additional warnings on page 1 of the contract are in 3/16" type, and the text of the contract itself is 1/16" type. (*See* **Exhibit "A"** to Isaaks Decl.) The warnings/

notices are clear, easy to read, and specifically call Plaintiff's attention to page 10, where the forum selection clause is contained. Inasmuch as every court to examine HAL's ticket contract has found its provisions to be "reasonably communicative," any arguments to the contrary are meritless.

Courts have held that the proper test for enforcing the clause is whether the ticket reasonably communicates to the passenger the conditions of the contract before the passenger boarded the vessel, *not* before they entered into the contract. *See Tone v. Carnival Cruise Lines, Inc.*, 1993 WL 437650 at *2 (E.D. Pa. Oct. 28, 1993), citing *Hodes v. S.N.C. Achille Lauro*, 858 F.2d 905 (3d Cir. 1988). In *Tone*, plaintiffs argued they did not have sufficient notice of the forum selection clause before entering into the contract. *Tone* specifically rejected that argument and instead reiterated the established principles of long-standing federal maritime cases upholding forum selection clauses in passage contracts if they meet a practical standard of "reasonable communicativeness." *Tone* at 2. The two prong test for reasonable communicativeness requires: (a) examining the warning language on the ticket directing the passenger to read the contract terms in the ticket; and (b) examining the physical characteristics of the contract terms, such as the location of the terms within the ticket, the size of the terms, the size of the typeface and the simplicity of the language employed. *Tone*, citing *Hodes* at 2. The *Tone* court upheld a forum selection clause whose terms and physical characteristics were virtually identical to the forum selection clause in this case.

The *Tone* court also stated that a cruise line's "Welcome Aboard" brochure (in the case of Holland America, its "Things to Know Before You Go" brochure), sent with the passage ticket contract and other travel documents, such as the cruise brochure made available to customers by their travel agents, could be considered part of the totality of warnings and notices alerting plaintiffs to read their ticket contract. *Id.* at 4. *See also*, *Gomez v. Royal Caribbean Cruise Lines*, 964 F. Supp. 47, 51 (D. P.R. 1997). Prior to every cruise, all Holland America passengers receive a packet which contains the ticket for passage along with other items, such as luggage tags and the "Things to Know Before You

Go" brochure. (See Isaaks Decl. ¶ 14 and **Exhibit "C"**). The "Responsibility" section of that brochure provides:

> . . . . Transportation aboard the ships is provided solely by the Shipowners and Charterers and pursuant to the Cruise Contract that you will receive prior to embarkation. A copy of the Cruise Contract will be provided upon request or can be viewed on our Web site: www/hollandamerica.com. Please note that the contract includes a clause specifying certain courts in the State of Washington as the exclusive forum for resolving disputes.

(See Isaaks Decl. ¶ 14 and **Exhibit "B"**.)

HAL also distributed and made available to plaintiff its cruise brochure. (See Isaaks Decl. ¶ 15 and **Exhibit "D"**.) This cruise brochure advises passengers of the importance of reading the ticket contract, as well as the existence of the Washington forum selection clause. The brochure states on the back cover, under the section entitled "RESPONSIBILITY:"

> . . . . Transportation aboard the ships is provided solely by the Shipowners and Charterers and pursuant to the Cruise Contract that you will receive prior to embarkation. A copy of the Cruise Contract will be provided upon request or can be viewed on our Web site: www/hollandamerica.com. Please note that the contract includes a clause specifying certain courts in the State of Washington as the exclusive forum for resolving disputes.

In this case, as in *Tone* and *Gomez*, the cruise brochure provided yet another notice to plaintiff of the important terms and conditions of the ticket contract.

So long as a cruise line has done all that it reasonably can to impress upon passengers the importance of the terms and conditions of the passage contract, the conditions are enforceable. *Spataro v. Kloster Cruise, Ltd.*, 894 F.2d 44 (2d Cir. 1990). In this case, the forum selection clause was reasonably communicated to plaintiff by way of multiple warnings and notices throughout the ticket, which was mailed, together with the "Things to Know Before You Go" brochure, and by way of the cruise brochure made available to plaintiff by her travel agent prior to their decision to purchase a cruise. In fact, under similar circumstances, in which plaintiff received her ticket contract only *3 days* before departure, the U.S. District Court for the Central District of California upheld and

enforced the forum clause. *Roberson v. Norwegian Cruise Line*, 897 F. Supp. 1285 (C.D. Cal. 1995). The court also was clear to state it did not wish to "[i]mply that the opportunity to read a ticket *before departure* is a condition precedent to enforcing a forum selection clause contained therein. However, that plaintiff has the opportunity to do so here establishes, *a fortiori*, that she was on notice of that contractual provision." *Id.* at 1289, n.3 (emphasis in original).

### E. Plaintiffs Need Not Read The Contract To Be Bound By Its Provisions

Plaintiff may argue the forum selection clause should not be enforced since she did not bother to read the contract. Nevertheless, the provisions which appear in plaintiff's ticket contract are binding regardless whether she has read or retained the ticket. *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979); *Strauss v. Norwegian Caribbean Lines, Inc.*, 613 F.Supp. 5, 8 (E.D. Pa. 1984); *Miller v. Lykes Bros. S.S. Co.*, 467 F.2d 464, 465 (5th Cir. 1972). It is immaterial whether the passenger has actual knowledge of the provisions in the cruise ticket contract. *DeNicola v. Cunard Line, Ltd.*, 642 F.2d 5, 11 (1st Cir. 1981). In fact, passengers are bound by the terms of a cruise ticket contract even where they have *never* opened the ticket envelope. *Geller v. Holland-America Line*, 298 F.2d 618, 619 (2d Cir. 1962), *cert. denied*, 370 U.S. 909, 82 S.Ct. 1256 (1962). Passengers are also bound by a cruise ticket contract even where the particular ticket page with the limitation language is missing from the ticket booklet. *Kendall v. American Hawaii Cruises*, 704 F.Supp. 1010, 1017 (D. Haw. 1989).

The relevant inquiry is not whether the passenger read the ticket, but rather whether the passenger *had the opportunity* to read the ticket. *Barkin*, *supra*, 1988 A.M.C. at 650; *Kendall*, *supra*, 704 F.Supp. at 1016. In following this doctrine, courts have even gone so far as to enforce the terms of a ticket contract where the passenger's ticket contract was destroyed in the same ship fire which caused plaintiffs' loss. *Morak v. Costa Armatori*, 1982 A.M.C. 1859, 1863 (E.D.N.Y. 1981).

The fact that plaintiffs chose to ignore the multiple "warnings" and notices throughout the ticket contract does not relieve them from its terms. *Barkin*, *supra*, 1988

A.M.C. at 650; *Boyles*, *supra,* 1994 A.M.C. at 1636 ("that plaintiffs failed to read the passenger ticket contract does not free them from the binding effect of its provisions. 'A party cannot avoid the effect of contractual provisions to which he is a party by simply choosing not to read the contract'") (citations omitted). As long ago stated by Justice Cardozo in *Murray v. Cunard S.S. Co., Ltd.*, 235 N.Y. 162, 1923 A.M.C. 1235 (1923), "the passenger who omits to read takes the risk of the omission."

### F. The Forum Selection Clause Is Fundamentally Fair

The forum selection clause requiring litigation of the instant controversy in Seattle is nearly identical to the forum selection clause in the *Shute* case, *supra*, wherein the contract named Florida as the exclusive forum in which to file suit. The U.S. Supreme Court has already held a Florida forum selection clause to be fundamentally fair if the cruise line's headquarters is in the designated state. *Shute*, *supra*. HAL is a Washington corporation with its headquarters in Seattle. (Isaaks Dec. ¶ 4) Courts have uniformly upheld forum selection clauses in circumstances much less compelling than those here. For example, in *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7 (2d Cir. 1995), the 74 year old plaintiff argued enforcing a forum selection clause contained in her passenger ticket contract requiring all actions be brought in Athens, Greece would be fundamentally unfair, because it would deprive her of her day in court. *Id.* at 9. Plaintiff filed an affidavit stating not only that she was partially disabled and would have to hire someone to assist her physically if the matter was transferred to Greece, but also that she could not afford to travel to Greece, was afraid to stay in a strange city where she did not know the language or customs, did not know any Greek lawyers and was ignorant of the Greek legal system, could not afford to hire a Greek interpreter, all of her witnesses lived in the United States and she could not afford to pay them to travel to Greece to testify. *Effron v. Sun Line Cruises, Inc.*, 857 F.Supp. 1079, 1082 (S.D.N.Y. 1994). The Court concluded that although plaintiff may prefer the relative comfort of a local court, she agreed to have her claim adjudicated in Greece when she accepted the passenger ticket contract, and this agreement could not be negated unilaterally by Plaintiffs' conclusory assertions that she could not

afford to travel to Greece, was afraid to stay in a strange city or was physically disabled. *Id.* at 11.

*Igneri v. Carnival Corp*, No. 95 CV 2859, 1996 WL 68536 (E.D.N.Y. 1996), is also illustrative. The minor plaintiff, a New York resident, was injured aboard a Carnival cruise which embarked in Florida. The ticket contract contained a Florida forum selection clause, yet plaintiff filed suit in New York, claiming it would be unfair to enforce the Florida forum selection clause. She also argued the forum selection clause was the product of unconscionable overreaching designed to deny plaintiff judicial redress, because of Carnival's "wealth" and "superior bargaining power." The court rejected these arguments, enforcing the clause.

### G. The Terms of Plaintiffs' Cruise Ticket Contract Must Be Applied To STEINER And Bar This Claim in California.

The forum selection clause is enforceable notwithstanding that STEINER was not a party to the ticket contract. First, the California Supreme Court has clarified that it is not necessary that a contract's beneficiary be expressly named and identified in the contract. *Chung Kee v. Davidson*, 73 Cal. 522, 15 P. 100 (1887); *Garratt v. Baker*, 5 Cal.2d 745, 56 P.2d 225 (1936). In fact, no specific manifestation by the promisor of an intent to benefit the third person is required. *Lucas v. Hamm*, 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d. 685, *cert. denied*, 638 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1961). An intended third party beneficiary may enforce a contract (that has not already been rescinded by the parties) if he can show he is a member of a class for whose benefit it was made. Cal. Civ. Code § 1559; *Garratt*, *supra*, at 747; *Ralph C. Sutro Co., v. Paramount Plastering, Inc.*, 216 Cal.App.2d 433, 31 Cal.Rptr. 174 (1963).

The forum selection clause located in the HAL and the cruise ticket requires, "ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT" be litigated, if at all in the specified venue in Seattle, Washington. (Isaaks Dec. ¶ 12) This clause obviously benefits that class of persons who become embroiled in litigation as a result of a dispute in any way connected

with either the ticket contract or the cruise covered by the contract. Accordingly, because STEINER is a member of the class of persons who are, by the language of the ticket contract, benefitted by the forum selection clause, they are entitled under California Civil Code §1559 to enforce it.

Although California courts have not squarely addressed the issue of enforceability of a forum selection clause by a third party, federal courts have, consistent with California's rule permitting enforcement of a contract by a party not named in it, enforced forum selection clauses even where, as here, not all parties to he litigation were parties to the contract containing the forum selection clause. *See, e.g. Stephens v. Entre Computer Centers, Inc.*, 696 F.Supp 636 (N.D. Ga 1988) (forum selection clause applicable to "all parties to this action whether or not they signed the contract"); and *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir.); *cert denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983) (forum selection clause held applicable notwithstanding the presence of a non-party defendant).

The *Coastal Steel* case held the forum selection clause enforceable as to a third party beneficiary because it was foreseeable to all parties that Coastal was an intended third party beneficiary to the contract. *Coastal Steel*, *supra* at 203. In the instant case, the class of persons/entities benefitted by the forum selection clause is easily discernable from the clear language of the clause, which requires that "ALL DISPUTES AND MATTERS WHATSOEVER" arising under or related to the cruise be litigated in Seattle. STEINER, as members of the class of persons/entities the ticket is intended to benefit, are third party beneficiaries, and as such are entitled to enforce the forum selection clause.

By naming non-parties to the ticket contract as defendants, plaintiffs are attempting to avoid enforcement of the forum selection clause. This conduct is improper and has been so held. *See, e.g., Friedman v. World Transp., Inc.*, 636 F. Supp.685, 690-691 (N.D. Ill. 1986) (a party cannot escape his contractual obligation to sue in a specified forum merely by joining additional parties who did not sign the contract).

With facts almost identical to the present case, the Second Appellate District Court of Appeal held that a named defendant who was not a party to a cruise line ticket contract was indeed a third party beneficiary of the ticket contract and subject to the forum selection clause. *Premier Cruise Lines, Ltd., et al, v. Superior Court of Los Angeles County, John Doe, Real Party in Interest,* 1997 AMC 2797 (1996). In the *Premier* case, a minor sued Premier Cruises for alleged molestation which took place on its "Big Red Boat." Plaintiff also named The Walt Disney Company and Walt Disney World, Co. (collectively "Disney"), who provided licensing to Premier to use the "Disney" name and characters. Disney did not own or operate any of Premier's vessels. Nor was Disney a party to the ticket contract, which contained a forum selection clause. *Id.*, at 2800. The court held that plaintiff's claim that the forum selection clause could not be enforced by the Disney defendants because neither Disney defendant was expressly named in the contract was "meritless." *Id.* at 2810. The plaintiff "cannot escape his contractual obligations under the forum clause simply by naming additional parties who did not sign the contract." *Id.* The *Premier* case is quite informative to the case at bar.

Any argument that the forum selection clause should not be enforced because STEINER was not a party to the ticket contract misses the point, as the plaintiff did in *Friedman* and *Premier*, because the chief operative consideration is not whether STEINER was a party to the ticket contract; rather, the focus should be on the fact that plaintiff "[did] agree to it and are bound to it by [their] suit." *Id.* at 691.

### IV. PLAINTIFF CANNOT MEET THE "HEAVY BURDEN" REQUIRED TO SET ASIDE THE FORUM SELECTION CLAUSE

The U.S. Supreme Court has held the burden of proof for a party seeking to avoid a contractual forum selection clause in a maritime contract is a "heavy one," because forum selection clauses are considered *prima facie* valid. *The BREMEN v. Zapata Offshore Co.,* 407 U.S. 1, 9-10 (1972); *Shute, supra,* 499 U.S. at 592. In fact, the law is clear that forum selection clauses *must* be enforced unless the plaintiff:

". . . could clearly show that enforcement would be unreasonable and

> unjust, or that the clause was invalid for such reasons as fraud or overreaching . . .
>
> . . . [I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain."

*The BREMEN*, *supra*, 407 U.S. at 17. *Shute*, *supra,* echoed *The BREMEN* in concluding "[plaintiffs] have not satisfied the 'heavy burden of proof,' *ibid*, required to set aside the clause . . ." (499 U.S. at 594). *See also, Effron*, *supra*, 67 F.3d 7; and *Hodes*, *supra.* More recently, the U.S. District Court for the Central District in California held in an identical factual setting:

> At bottom, under *The Bremen* and *Shute*, we are left with the following rule: A forum selection clause in a form passage contract is prima facie valid, should be enforced by a district court sitting in admiralty, and will not be set aside unless the resisting party meets the heavy burden of showing inconvenience or fundamental unfairness, which is not present simply because the forum clause was not the subject of bargaining.

*Roberson v. Norweigan Cruise Line,* 897 F.Supp. 1285, 1288 (C.D. Cal. 1995).

There is no evidence HAL chose Seattle as the dispute-resolving forum to discourage cruise passengers from pursuing legitimate claims; HAL is a Washington corporation, with its principal place of business in that state. The company has no office in California. Indeed plaintiff *chose* to take a HAL cruise - she was not required to do so. Plaintiff clearly had a choice of other cruise lines. Based on *Shute* and its progeny, and the lack of evidence of fraud or overreaching, defendant's motion must be granted and plaintiff's case dismissed.

Even if this Court seeks guidance from California law rather than federal maritime law, HAL and STEINER are entitled to a dismissal. *See generally*, *Cal-State Business Products & Services, Inc. v. Ricoh*, 12 Cal.App.4th 1666, 16 Cal.Rptr.2d 417 (1993)

1  (California's policy in favor of access to courts by resident plaintiffs is not thwarted by
2  allowing residents to surrender rights voluntarily by entering into a contract with a forum
3  selection clause, in accordance with modern trend favoring enforcement; forum selection
4  clause between California plaintiff and New Jersey defendant designating New York forum
5  upheld); *Lu v. Dryclean-U.S.A. of California, Inc.,* 11 Cal.App.4th 1490, 14 Cal.Rptr.2d
6  906 (1992) (Upholding dismissal of California resident's action against California
7  corporation on ground Florida forum selection clause enforceable); *Furda v. Sup. Ct.*
8  *(Seriological Biopsy*), 161 Cal.App.3d 418, 425, 207 Cal.Rptr. 646, 650 (1984) (existence
9  of forum selection clause in licensing/marketing agreement designating Michigan as proper
10 forum requires court to decline jurisdiction, absent showing that enforcement is unfair or
11 unreasonable).

12         In *CQL Original Products, Inc. v. Nat'l Hockey League Players' Ass'n*,
13 39 Cal.App.4th 1437, 46 Cal.Rptr.2d 412 (1995), which involved a Canadian forum
14 selection clause, the court recognized the modern trend favoring enforcement and "placed
15 a substantial burden on a plaintiff seeking to defeat such a clause . . . . Neither
16 inconvenience nor additional expense in litigation in the selected forum is part of the test
17 of unreasonability." (Citations omitted.)

18         More recently, the California Court of Appeal, First Appellate District issued a
19 peremptory writ of mandate, commanding the trial court to enforce a forum selection clause
20 requiring a California resident litigate his action in Germany. *Intershop Communications,*
21 *AG v. The Superior Court*, 104 Cal.App. 4th 191 (December 10, 2002). The *Intershop*
22 court reaffirmed, also citing the "reasonableness" test, and stating that "[n]either
23 inconvenience nor the additional expense of litigating in the selected forum are factors to
24 be considered."

25       **V.  BECAUSE THE FORUM SELECTION CLAUSE IS MANDATORY,**
             **THIS COURT HAS NO JURISDICTION OVER**
26           **PLAINTIFFS' SUIT AND MUST DISMISS**

27         The forum-selection clause provides that all claims are to be litigated in Seattle:
28 ***TO THE EXCLUSION OF ALL OTHER COURTS***." (Isaaks Dec. ¶ 11, **Exhibit "A"**.)

1  The use of this language indicates plaintiff's suit can *only* be maintained in the designated
2  forum. *See, Spira-Felts v. Carnival Cruise Lines*, 1998 A.M.C. 712 (C.D. Cal. 1996); *Hunt
3  Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987); *Excell, Inc. v.
4  Sterling Boiler & Mechanical, Inc.,* 106 F.3d 318 (9th Cir. 1997).  When the language of
5  the forum selection clause clearly mandates an exclusive forum, the designated court is the
6  *only* court which has jurisdiction.  *Hunt Wesson*, *supra*, 817 F.2d at 77-78.

7      HAL and STEINER seek an order enforcing this mandatory forum selection
8  clause.  This Court must honor the agreed-upon choice of forum in the absence of evidence
9  the clause is "fundamentally unfair," as defined in *Shute, supra*, 499 U.S. at 594-595.

## VI. CONCLUSION

There can be no dispute the United States Supreme Court decision in *Shute* and its progeny apply to this case.  Forum selection clauses are considered *prima facie* valid by both federal and state courts.  Plaintiffs' action in California is barred and they must pursue their claim, if at all, before a court in Seattle.  Further, STEINER is a third party beneficiary to the ticket contract and thus entitled to the forum selection clause as well.  Respectfully, this Motion to Dismiss this action must be granted as to all named defendants.

Dated: October 15, 2007    KAYE, ROSE & PARTNERS, LLP

/s/ **Anita M. Eilert**

By: _____
Lawrence W. Kaye
Anita M. Eilert
Attorneys for Defendant
HOLLAND AMERICA LINE, INC., and
STEINER MANAGEMENT SERVICES