KAYE, ROSE & PARTNERS, LLP
Lawrence W. Kaye, Esq. (SBN 86218)
Anita M. Eilert (SBN 133639)
402 West Broadway, 13th Floor
San Diego, California 92101-3542
Tel:   (619) 232-6555
Fax:   (619) 232-6577

Attorneys for Defendants,
HOLLAND AMERICA LINE, INC., and
STEINER MANAGEMENT SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL BEREOLA,<br><br>        Plaintiff,<br><br>vs.<br><br>HOLLAND AMERICA LINE. N.V., HOLLAND AMERICA LINE ANTILLEN N.V., HOLLAND AMERICA LINE, INC., HOLLAND AMERICA LINE-WESTOURS, INC., STEINER BEAUTY PRODUCTS, STEINER -TRANSOCEAN LTD., STEINER MANAGEMENT SERVICES, and DOES ONE through TWENTY, Inclusive | Case No. C07 03770<br><br>**DECLARATION OF DONNA L. ISAAK IN SUPPORT OF DEFENDANT HOLLAND AMERICA LINE INC.'S MOTION FOR DISMISSAL OR IN THE ALTERNATIVE, TRANSFER ACTION [FRCP 12 (b)(1),(2) AND (3) AND (d) AND 28 U.S.C. § 1404]**<br><br>JUDGE: Edward M. Chen<br>COURTROOM: C<br>HRG. DATE: November 21, 2007<br>TIME: 10:30 a.m. |

I, Donna L. Isaak, declare:

1.     I am the Risk Management Supervisor for HOLLAND AMERICA LINE INC. ("HAL"), defendant in this action. I have held this position at all times relevant hereto and have personal knowledge of all facts stated herein. I could and would testify competently thereto if called upon as a witness.

2.     This declaration is submitted in support of HAL's Motion for Dismissal of Action.

3.      I am familiar with plaintiff's claim in this case and have read her Complaint. I am also familiar with the ticketing and boarding practices and procedures of HAL, HAL's brochures and website, and litigation instituted against HAL. This declaration is based on my personal knowledge and on records maintained by HAL in the ordinary course of business. I am qualified and authorized by HAL to attest to the matters set forth in this Declaration, including, but not limited to, certifying the accuracy of HAL's business records attached hereto.

4.      HAL is a Washington corporation with its principal place of business and base of operations located in Seattle, Washington. HAL has no office in the State of California.

5.      The records and documents which are exhibits this declaration are contained in the files of the company and are official business records of HAL. They were made in the ordinary and regular course of HAL's business by employees of HAL. These records were made at or near the time of the act, condition or event or dates set forth on the documents.

6.      The documents which are exhibits to this declaration include the cruise brochure for the cruise in question; the booking history for plaintiff's cruise reflecting the date plaintiff's cruise was booked and the embarkation date of her cruise; a "Things to Know Before You Go" booklet sent to travel agents with a passenger's cruise ticket; and an exemplar cruise ticket which is an exact duplicate of the ticket issued to and utilized by the plaintiff in this action setting forth the exact terms and conditions of carriage of passengers and property.

7.      Attached hereto as **Exhibit A** is a specimen ticket which is a true and complete copy of the passenger ticket contract issued to all of HAL's passengers at any time in 2006, including this plaintiff, before their cruises. All HAL cruise ticket contracts, including the cruise contract issued to plaintiff, contain a forum selection clause requiring all claims be filed in Seattle, Washington. No passenger can board any Holland America vessel without first presenting a valid cruise contract.

8. I have reviewed HAL's booking history concerning plaintiff's claims. The booking history reflects the booking number 7CWL7M for the booking of plaintiff's cruise. A copy of the booking history reflecting the date plaintiff's cruise was booked August 16, 2006, and the embarkation date of plaintiff's cruise almost three months later on November 4, 2006, is attached hereto as Exhibit B.

9. Passengers typically purchase tickets for cruises through their travel agent. After final payment is made by the customer, HAL sends the passage ticket contract and other documentation to the customer's travel agent, or if the customer has contacted HAL directly, HAL sends the passage ticket contract to the customer directly. Typically, HAL sends the passage ticket contract out to the customer or the customer's travel agent approximately 30 days before the cruise. Additionally, HAL provides brochures to travel agents, which state that any disputes between the customer and HAL must be resolved in the State of Washington. The cruise brochure applicable to Plaintiff's cruise in this instance, also stated that a copy of the passage ticket contract could be reviewed on HAL's website, or the customer could obtain a copy of the ticket from the Customer's travel agent. The recitation of the passage ticket contract terms on HAL's website specifically stated that any action against HAL had to be filed in the State of Washington.

10. The Cruise Contracts are issued in a multi-paged booklet. Page 9 of the Cruise Contract (**Exhibit A**), the first page of the passenger's copy of it, clearly states in all capital letters:

> **ISSUED SUBJECT TO THE TERMS AND CONDITIONS**
> **ON THIS PAGE AND THE FOLLOWING PAGES.**
> **READ TERMS AND CONDITIONS CAREFULLY.**

11. Page 10 of the Cruise Contract (**Exhibit A**) states in all capital letters:

<u>IMPORTANT NOTICE TO PASSENGERS</u>

**THIS DOCUMENT IS A LEGALLY BINDING CONTRACT BETWEEN YOU AND US. THIS CONTRACT CONTAINS ALL TERMS OF OUR AGREEMENT AND SUPERCEDES ALL OTHER ORAL OR WRITTEN AGREEMENTS, COMMUNICATIONS OR REPRESENTATIONS. THE WORD "YOU" REFERS TO ALL PERSONS TRAVELING UNDER THIS CONTRACT INCLUDING THEIR HEIRS, SUCCESSORS IN INTEREST AND PERSONAL REPRESENTATIVES. THE WORDS "WE" AND "US" REFER TO THE OWNER, HAL AND THE OTHER HAL COMPANIES, ALL OF WHICH ARE DESCRIBED IN CLAUSE A.1 BELOW. CERTAIN OTHER PERSONS AND ENTITIES, AS WELL AS THE SHIP ITSELF, ARE ALSO GRANTED RIGHTS UNDER THIS CONTRACT.**

**NOTICE: YOUR ATTENTION IS ESPECIALLY DIRECTED TO CLAUSES A.1, A.3, A.4, A.5, A.6, A.7, A.9 and C.4 BELOW, WHICH CONTAIN IMPORTANT LIMITATIONS ON YOUR RIGHT TO ASSERT CLAIMS AGAINST US AND CERTAIN THIRD PARTIES.**

12.  Page 10 of the Cruise Contract (**Exhibit A**) also goes on to state in all capital letters:

**ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT, THE CRUISE, THE CRUISETOUR, THE HAL LAND TRIP OR THE HAL AIR PACKAGE SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE, OR, AS TO THOSE LAWSUITS AS TO WHICH THE FEDERAL COURTS OF THE UNITED STATES LACK SUBJECT MATTER JURISDICTION, IN THE COURTS OF KING COUNTY, STATE OF WASHINGTON, U.S.A., TO THE EXCLUSION OF ALL OTHER COURTS.**

13.  As is discussed above, the first page of the ticket contract contains a prominently placed and eye-catching notice warning the passengers of the existence of the contract. This is in addition to the IMPORTANT NOTICE TO PASSENGERS on page 10 of the ticket contract (see **Exhibit A**). A review of **Exhibit A** shows that these warnings are printed in clear and unambiguous language. Accordingly, it is clear the ticket contract issued to plaintiff reasonably communicated the importance of the contract terms and conditions, including the designation of Washington as the exclusive forum for all litigation arising out of plaintiff's cruise and the passage ticket contract.

14.  Prior to every cruise, all HAL passengers receive a packet which contains the ticket for passage along with other items, such as luggage tags and the "Things to Know Before You Go" brochure. **Exhibit C** is a true and correct copy of the relevant

pages of a "Things to Know Before You Go" brochure. These pages are from a "Things to Know Before You Go" brochure for a different cruise than plaintiff's, and were an exhibit to a similar motion to dismiss filed in a different case a couple of years ago, which our counsel has preserved in its files. We are not able at this time to readily locate a copy of the particular "Things to Know Before You Go" for plaintiff's cruise. However, the section of the "Responsibility" portion of the "Things to Know Before You Go" quoted below is not cruise-specific, but rather, applied to all cruises in 2006, and those sections were worded exactly the same in all 2006 "Things to Know Before You Go" brochures. That section provided:

> A copy of the Cruise Contract will be provided upon request or can be viewed on our Web site: www.hollandamerica.com. Please note that the contract includes a clause specifying certain courts in the State of Washington as the exclusive forum for resolving disputes.

15. In addition to issuing ticket contracts to its passengers, samples of which are available to potential passengers at any time upon their request to Holland America, and providing passengers with the above-referenced "Things to Know Before You Go" brochure along with the passage ticket contracts and other travel-related documents, HAL also distributes and makes available a cruise brochure. This brochure is provided to all travel agents who book HAL cruises, and is the brochure given to passengers to acquaint them with a HAL cruise prior to their decision to book one. True and correct copies of the pertinent pages of HAL's cruise brochure in circulation at the time plaintiffs booked their cruise are attached hereto as **Exhibit D**. The brochure advises passengers of the importance of reading the ticket contract, as well as the existence of the Washington forum selection clause that is the basis of this motion. In particular, the brochure states on the back cover, under the section entitled "RESPONSIBILITY:"

> . . . . Transportation aboard the ships is provided solely by the Shipowners and Charterers and pursuant to the Cruise Contract that you will receive prior to embarkation. A copy of the Cruise Contract will be provided upon request or can be viewed on our Web site: www/hollandamerica.com. Please note that the contract includes a clause specifying certain courts in the State of Washington as the exclusive forum for resolving disputes.

16. HAL has not consented to plaintiff proceeding with this action in California.

I declare under penalty of perjury under the laws of the State of California, the State of Washington and the United States of America that the foregoing is true and correct. Executed on October 15, 2007 at Seattle, Washington.

/s/ *Donna L. Isaak*

Donna L. Isaak