IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL BEREOLA, | No. C 07-03770 SI |
|     Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE** |
| v. | |
| HOLLAND AMERICA LINE, INC., STEINER MANAGEMENT SERVICES, et al., | |
|     Defendants. | |

Defendants Holland America Line, Inc., and Steiner Management Services have filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), or (3), or, in the alternative, to transfer this action to the Western District of Washington pursuant to 28 U.S.C. § 1404, based on a forum selection clause. The motion is scheduled for hearing on January 18, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES defendants' motion to dismiss and GRANTS defendants' motion to transfer this action.

**BACKGROUND**

On November 5, 2006, while plaintiff Gail Bereola was a passenger on a cruise ship operated by defendant Holland America, she used an on-board spa operated by defendant Steiner Management

Services. Complaint at ¶¶ 8-9. Plaintiff alleges that she sustained serious and permanent injuries while using the spa due to extremely hot water. *Id.* at ¶ 9. Plaintiff, a resident of California and of this district, filed this action for negligence against defendants on July 23, 2007. Plaintiff's complaint asserted that this Court has subject matter jurisdiction over the suit pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds $75,000. *Id.* at ¶¶ 1-3. Defendants' brief confirms that defendant Holland America is a Washington corporation with its principal place of business in Seattle, Washington, Defendants' Motion at 2, though it is unclear where defendant Steiner Management Services is based.

According to defendants, plaintiff purchased the ticket for her cruise on August 16, 2006, three months prior to her departure date. *Id.* Defendants contend that they would have, as a matter of course, sent plaintiff's passage ticket either to her or to her travel agent approximately 30 days before her cruise. Id. at 2-3. That ticket included a "cruise contract," which stated in capital letters that "THIS DOCUMENT IS A LEGALLY BINDING CONTRACT BETWEEN YOU AND US" and that "ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT, THE CRUISE, [OR] THE CRUISE TOUR . . . SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE WESTER DISTRICT OF WASHINGTON AT SEATTLE." Defendants' Motion at Ex. A. Defendants also contend that any travel brochures provided to plaintiff's travel agent would have stated that any disputes must be resolved in Washington, and that Holland America's website also states that any actions against Holland America must be litigated in Washington. Defendants' Motion at 3.

Currently before the Court is defendants' motion to dismiss this action on the ground that plaintiff is bound by the forum selection clause and should have brought this suit in the United States District Court for the Western District of Washington. In the alternative, defendants move the Court to transfer this case to that district. Plaintiff has not filed any opposition to the motion to dismiss, but has indicated that she will not oppose a transfer to federal court in Washington. *See* Docket No. 17.

**DISCUSSION**

Defendants argue that plaintiff's action should be dismissed or transferred because plaintiff is bound by the forum selection clause, which requires that any suit brought in connection with plaintiff's cruise must be brought in federal or state court in Washington. Defendants claim that the forum selection clause applies to suits against third-party beneficiaries to the contract, such as defendant Steiner Management Services, because the clause covers "all disputes and matters whatsoever arising under, in connection with or incident to . . . the cruise." Defendants Motion at Ex. A. Plaintiff has filed no opposition to the motion. Because the burden is on the plaintiff to overcome the presumption that the forum selection clause is valid, *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352, 357 (S.D. N.Y. 2004) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997)), plaintiff clearly cannot meet her burden in this case, particularly where other courts have upheld defendants' forum selection clause, *see Carron v. Holland America Line-Westours, Inc.*, 51 F. Supp. 2d 322, 325-26 (E.D. N.Y. 1999) (finding defendants' forum selection clause valid and enforceable); *Schlessinger v. Holland America, N.V.*, 120 Cal. App. 4th 552, 558-59 (Cal. Ct. App. 2004) (same). Accordingly, the Court holds that, assuming defendants are accurately portraying the contents of their contract with plaintiff, the forum selection clause is valid and enforceable.

Once it determines that a forum selection clause is enforceable, a court "is not limited to dismissal as a remedy. A district court may elect to transfer an action to a forum permitted by the applicable clause rather than dismiss the case . . . ." *Id.* Defendants argue that as an alternative to dismissal, the Court could transfer this action pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Also relevant is 28 U.S.C. § 1406(a), which covers the situation in which venue is improper in the first court. That statute provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The parties have not addressed whether venue is proper in this district, but the Court need not reach that question because the Court may transfer this action to the Western District of Washington whether or not venue is proper here, under § 1404 or § 1406. Here, the parties appear to agree that venue is proper in the Western District of Washington, and do not dispute that it would be convenient for the parties to litigate the case there. The only question remaining, then, is whether the Court should transfer this action or dismiss it. Defendants would prefer that the Court dismiss the action. What complicates this matter is that, as defendants point out, if this case were dismissed it may be too late for plaintiff to bring her action in Washington because the contractual limitations period may have expired. *See* Defendants' Objection to Proposed Stipulation at 2. In these circumstances, the answer is clear: "'the interest of justice' requires that the cause be transferred" rather than dismissed. *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965); *see also Roberson v. Norwegian Cruise Line*, 897 F. Supp. 1285, 1289 (C.D. Cal. 1995) ("Since plaintiff may have a statute of limitations problem if this action is dismissed, the 'interests of justice,' 28 U.S.C. 1406(a), dictate that the case be transferred . . . ."); *Nutracea v. Langley Park Investments*, 2007 WL 135699 *1 (E.D. Cal. Jan. 16, 2007).

Indeed, it appears that courts in the Western District of Washington would agree that transfer to their district is the option that best protects the interests of justice. In *Pomer v. Kloster Cruise Ltd.*, 1994 WL 774503 (W.D. Wash. Sept. 12, 1994), the district court had before it a motion to dismiss pursuant to a forum selection clause, and the plaintiff asked "in the alternative that if the [forum selection] clause is given force, the suit should not be dismissed but transferred to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1406(a), to prevent his claim from becoming time-barred," *Pomer*, 1994 WL 774503 at *1. After finding the forum selection clause valid, the district court held that "[u]nder the circumstances, a transfer of the action under 28 U.S.C. § 1406(a) is preferable to dismissal." *Id.* at *2. The same is true here. Accordingly, the Court DENIES defendants' motion to dismiss and GRANTS defendants' motion to transfer this action.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES defendants' motion to dismiss and GRANTS defendants' motion to transfer this action to the United States District Court for the Western

4

District of Washington [Docket No. 3].

**IT IS SO ORDERED.**

Dated: January 14, 2008

_____
SUSAN ILLSTON
United States District Judge