LYLE C. CAVIN, JR., SBN 44958
RONALD H. KLEIN, SBN 32551
LAW OFFICES OF LYLE C. CAVIN, JR.
201 Fourth Street, Suite 102
Oakland, California 94607
Telephone: 510-444-2501
Facsimile: 510-444-4209

Attorneys for Plaintiff,
Gail Bereola

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL BEREOLA, | Case No. C07 03770 SI |
| Plaintiff, | **REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S STIPULATION RE TRANSFER** |
| v. | |
| | **Hearing on Motion January 18, 2008** |
| HOLLAND AMERICA LINE N.V., *et al.*, | |
| Defendants. | |

Plaintiff, Gail Bereola, replies to the Objection filed by Defendants opposing Plaintiff's STIPULATION TO TRANSFER OF CASE TO WESTERN DISTRICT OF WASHINGTON; both documents were e-filed with the Court on January 11.

Plaintiff's suit is to recover damages for injuries incurred while she was a passenger aboard the M/S OOSTERDAM, a cruise ship operated by Defendant Holland America. The vessel departed the port of San Diego and returned to that port at the end of the cruise. Plaintiff was injured aboard the vessel on November 6, 2006, while immersed in an "Alpha Capsule" in the vessel's spa, operated by Defendant Steiner. Unable to disembark with the other passengers at Cabo San Lucas, she opted to take a

heated "relaxation treatment" in the spa.

Plaintiff has been wheelchair bound since a spinal cord injury in an airplane accident in 1989, which rendered her paraplegic with neurological deficits.  Her long-term condition prevented her from realizing that she was receiving serious second degree burns while lying unattended in the capsule.

Plaintiff retained the Law Offices Of Lyle C. Cavin, Jr., and a claim was filed with Holland America as required by the cruise line's ticket provisions.  She provided the office with written material pertaining to the case, including what appeared to be a complete copy of the ticket.  Close perusal of the ticket did not reveal a venue clause.  The suit was thus filed in this judicial district, where Plaintiff resides.

The complaint was timely filed with this Court on July 23, 2007, and sent out for service on August 24 with the other documents required to be served.  Defense counsel Kaye Rose & Partners faxed their acceptance of service on both Defendants Holland America and Steiner.  Time to respond to the complaint was extended by the Cavin office to October 15.

On August 30, the undersigned received a phone call from one Elizabeth Junco of Steiner Management Service of Miami, Florida.  She mentioned that there is a venue clause in the cruise ticket, covering both Steiner and Holland America, requiring suit to be filed in the State of Washington.  She was asked where in the ticket would the venue clause be found; she couldn't say.  She was asked to send this office the ticket with such a provision, but this was never done.

Defendants' Motion To Dismiss, Or In The Alternative, Transfer Action was filed October 15, 2007, with hearing originally set for November 21, before Magistrate Judge Edward M. Chen.  The motion papers included copies of purported ticket provisions, including a venue clause; the ticket was not the same as the one Plaintiff provided.  The

next day, counsel obtained from Plaintiff the original of the papers she had sent to us. The venue provisions were then seen for the first time by counsel, having been omitted from the records previously sent.

The Reassignment Order of October 22, 2007, reassigned the case to Judge Claudia Wilken, and stated that all matters then set for hearing were vacated, to be re-noticed. Judge Wilken's order of October 25 reset Defendants' motion for December 13, with opposition due November 15. On October 29, Judge Wilken issued her order of recusal and another Reassignment Order was issued, reassigning the case to Judge Susan Illston. Again, all hearing dates were vacated, to be re-noticed. On November 20, a Clerk's Notice continued the hearing on the motion to January 18, 2008.

Plaintiff's counsel initiated informal settlement discussions in a conversation with Defense counsel, who indicated they and their client would be interested in such. Following such phone discussions, on December 5, 2007, our demand letter was mailed to Kaye, Rose. They called December 12, stating that no such letter was received, and it was faxed to them December 12, together with medical records, most of which had been sent to Defendants directly with the claim.

Further settlement discussions followed over the phone. From the beginning of such, Plaintiff's counsel requested and reiterated such request that consideration be given to continuing the hearing during settlement discussions. Defense counsel at no time rejected such, indicating it would require clients' approval, which she was seeking. In further such discussions, Plaintiff's counsel suggested that Plaintiff would stipulate to the case being transferred to Seattle, rather than be dismissed, on the condition that Plaintiff's deposition be taken in this district, because of her disabilities. Defense counsel stated that such a stipulation was not needed, as the rules required deposition within a limited distance from Plaintiff's home.

When it became apparent that no settlement could be achieved without the Plaintiff's deposition, Plaintiff's counsel decided to agree to the case being transferred to the Western District of Washington, and e-filed the stipulation to that effect on January 11, with additional fax service on the Kaye Rose office that day.  The undersigned then left the office early afternoon, to return late morning on Monday, January 14, 2008, to find Defendants' Objection to the Stipulation, calling for the dismissal of the case with prejudice to the Plaintiff, expecting that any new suit in Washington would be barred by the contractual one year statute of limitations, which ran following the filing of the complaint in the Northern District of California.

At this point, Plaintiff does not assert that enforcing the contractual forum selection clause would be unreasonable.  It is the essence of this response that dismissal would be very unreasonable, in view of the potential that a new suit in the Western District of Washington would be barred by the one year contractual statute of limitations, as advanced by Defendants in their Opposition to Stipulation.

This Court was faced with this choice in *Pratt v. Silversea Cruises, Ltd.*, 2006 AMC 99 (N.D. CA 2005).  The Court concluded: "When a Rule 12(b)(3) motion is granted on the basis of a forum-selection clause, transfer rather than dismissal is in the interest of justice." *Id.* at 104.

How much more is transfer rather than dismissal in the interests of justice in the present case, possibly making the choice between transferring the case and eliminating the case.

See also *Farries v. Imperial Majesty Cruise Line,* 2006 AMC 2253 (N.D. CA 2006).  In that case, the court held against the injured passenger, finding the venue clause was reasonably communicated to the passenger prior to departure.

On the Defendant's motion to dismiss or transfer, the court ordered transfer, following 28 U.S.C. §1406(a), which indicates that transfer should be ordered rather than dismissal, if in the interest of justice. The court stated that

> transfer is usually found to be in the interest of justice "because normally dismissal of an action that could have been brought elsewhere is 'time consuming and justice-defeating.'" *Farries v. Imperial Majesty Cruise Line,* 2006 AMC at 2259.

Dismissing the case and requiring the plaintiff in *Farries* to refile in the proper venue would have been "inefficient," and the court concluded that "transfer to . . . (the district required by the ticket) is in the interests of justice." *Ibid.*

Again, *a fortiori* in the present case before this Court.

Thus, there is good reason to transfer, no reason to dismiss. Plaintiff's counsel in good faith filed suit in this court, believing that there was no venue clause in the ticket. Following the filing of the motion, counsel initiated early settlement negotiation, requesting continuance of the hearing on the motion while that was going on, which seemed likely to be granted by Defendants.

Accordingly, Plaintiff requests that in the interest of justice, the Court transfer this case to the Western District of Washington rather than dismiss.

January 15, 2008                           LAW OFFICES OF LYLE C. CAVIN, JR.


                                           By: _____/s/ Ronald H. Klein_____
                                                   RONALD H. KLEIN
                                                   Attorneys for Plaintiff
                                                   Gail Bereola

    I declare under penalty of perjury that all statements of fact in the foregoing are true and correct.

    Executed this 15th day of January, 2008, at Oakland, California.


                                                                                                      /s/ Ronald H. Klein